**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| **INTELLECTUAL VENTURES I LLC and INTELLECTUAL VENTURES II LLC,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**UNITED PARCEL SERVICE, INC.,**<br><br>**Defendant,**<br><br>**HANDHELD PRODUCTS, INC.,**<br><br>**Intervenor.** | **Case No. 1:26-cv-00100-ADA**<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFFS' MOTION TO DISMISS DEFENDANT
UNITED PARCEL SERVICE, INC.'S INVALIDITY COUNTERCLAIMS
(COUNTS VI-X)**

## I. INTRODUCTION

Pursuant to Rules 12(b)(6) and 12(f) of the Federal Rules of Civil Procedure, Plaintiffs Intellectual Ventures I LLC and Intellectual Ventures II LLC (collectively, "Intellectual Ventures" or "Plaintiffs"), by and through the undersigned counsel, hereby move to dismiss or strike Defendant United Parcel Service, Inc.'s ("UPS") Invalidity Counterclaims, as alleged in Counts VI-X of UPS's Answer to Plaintiff's Complaint and Counterclaims with Declaratory Relief Requested ("UPS's Invalidity Counterclaims") (Dkt. 17).

UPS's Invalidity Counterclaims should be dismissed because they fail to set forth a plausible claim for relief. Count VII of the Counterclaims is representative of the deficiencies challenged in this Motion:

> 46. The claims of the ’176 Patent are invalid, in whole or in part, for failure to meet one or more requirements of Title 35 of the United States Code, including but not limited to §§ 101, 102, 103 and/or 112.
>
> 47. By way of example, the asserted claims of the ’176 Patent are invalid based on, for instance, one or more of United States Patent No. 6,181,253 (“Eschenbach”) and the prior art references listed on the face of the patents.

(Dkt. 17 at p. 31). Thus, the alleged basis for invalidity in Count VII is “based on” “one or more” “requirements of Title 35 of the United States Code” and “one or more “of the Eschenbach patent “and the prior art references listed on the face of the patents.” “The patents” in this phrase presumably refers to the five Patents-in-Suit. There are more than 65 references cited on the face of the Patents-in-Suit. It is thus impossible to tell what references UPS contends actually form the basis for its claim of invalidity—whether it is one of those more than sixty references or “more,” and if it is “more,” how many more. It is also impossible to tell whether the allegation is that one of these many references is prior art under 35 U.S.C. § 102 or part of a combination under Section 103, and, if so, combined with what other reference or references. Moreover, the counterclaim provides no information whatsoever to IV regarding which of the “one or more requirements” of Title 35 of the United States Code the asserted patents allegedly fail to meet. As such, Plaintiffs are unable to discern what the allegation(s) of the invalidity counts are and, thus, unable to respond to them meaningfully in reply. The Counterclaims should be dismissed.

## II. LEGAL STANDARD

A complaint that fails “to state a claim upon which relief can be granted” should be dismissed. FED. R. CIV. P. 12(b)(6). Dismissal “can be based either on a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.” *Sims v.*

*Allstate Fire & Cas. Ins. Co.*, 746 F. Supp. 3d 417, 420 (W.D. Tex. 2024). To survive dismissal, the complaint must allege "enough facts to state a claim for relief *that is plausible on its face*." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (emphasis added). A claim is plausible on its face when the well-pleaded facts allow the Court **"**to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"In determining whether to grant a motion to dismiss, the district court must not go outside the pleadings." *Bob Davis Paint & Drywall Inc. v. Valspar Corp.*, 452 F. Supp. 3d 589, 596 (S.D. Tex. 2020) (quoting Scanlan *v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003)). The Court's inquiry "is limited to (1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken." *Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019) (citations omitted).

In ruling on a 12(b)(6) motion to dismiss, "the Court assumes the truth of 'well-pleaded factual allegations' and 'reasonable inference[s]' therefrom." *Nat'l Rifle Ass'n of Am. v. Vullo*, 602 U.S. 175, 181 (2024) (quoting *Iqbal*, 556 U.S. at 678–79). However, the Court will not assume the truth of "legal conclusions; mere labels; [t]hreadbare recitals of the elements of a cause of action; conclusory statements; [or] naked assertions devoid of further factual enhancement." *Morgan v. Swanson*, 659 F.3d 359, 370 (5th Cir. 2011) (en banc) (quoting *Iqbal*, 556 U.S. at 678) (internal marks omitted); *see Damond v. City of Rayville*, 127 F.4th 935, 938 (5th Cir. 2025) ("[C]onclusory allegations or legal conclusions masquerading as fact[s] ... will not suffice to prevent a motion to dismiss.").

## III. ARGUMENT

As an initial matter, courts have repeatedly held that "Claims of patent invalidity supported only by conclusory allegations and a 'bare-bones recitation of [patent] statutes' do not meet the

pleading requirements set forth in *Twombly* and *Iqbal*." *Xilinx, Inc. v. Invention Inv. Fund I LP*, Case No. C-11-0671-SI, 2011 WL 3206686, at *6 (N.D. Cal. July 27, 2011); *see Qarbon.com, Inc. v. eHelp Corp.*, 315 F.Supp.2d 1046, 1050 (N.D. Cal. Feb. 26, 2004); *see also Wordtech Sys., Inc. v. Integrated Networks Solutions Inc.*, 609 F.3d 1308, 1322 (Fed. Cir. 2010); *cf. Robert Bosch LLC v. Westport Fuel Systems Canada, Inc.,* 2025 WL 3111507, *1–2 (E.D. Tex. 2025) ("[I]t is questionable whether this perfunctory, single-sentence assertion is sufficient to preserve all of the statutory invalidity bases listed."). Under this reasoning, UPS's allegations in paragraphs 41, 46, 51, 56, and 61—all or which refer broadly to "Title 35 of the United States Code" fail to set forth a plausible claim for relief.

However, in the paragraphs that follow these paragraphs in each count (all of which are phrased identically), UPS makes a pretense of providing more detail regarding at least the prior art bases for the counterclaim. But those paragraphs are so sweeping, ambiguous, caveated and compound that they actually only serve to render UPS's invalidity counterclaims even more inscrutable. Indeed, those paragraphs can best be described as legal "squid ink," spewed out in indiscriminate clouds, intended to obscure any actual basis for the counterclaims, while providing no guidance at all to Plaintiffs or the Court as to the alleged basis for UPS's allegations of invalidity. They do not plausibly state a claim for relief.

Count VII of UPS's invalidity counterclaims makes this point unmistakably and is representative of the rest:

> 46. The claims of the '176 Patent are invalid, in whole or in part, for failure to meet one or more requirements of Title 35 of the United States Code, including but not limited to §§ 101, 102, 103 and/or 112.
>
> 47. By way of example, the asserted claims of the '176 Patent are invalid based on, for instance, one or more of United States Patent No. 6,181,253 ("Eschenbach") and the prior art references listed on the face of the patents.

Thus, UPS introduces its counterclaim with the same laundry list of statutory sections that has routinely been found inadequate to provide notice of the grounds on which an alleged invalidity counterclaim can be based. This allegation is rendered more indecipherable yet by the fact that the citations to the statute are to "one or more requirements" of the cited sections, "including but not limited to 101, 102, 103, and/or 112."

Further obscuring the meaning of UPS's invalidity counterclaims, the next paragraph purports to cite an "example" of its limitless invalidity allegations, with the assertion that "the asserted claims" are invalid "based on, for instance, ***one or more*** of" the '253 patent to Eichenbach "and the prior art references listed on the face of the ***patents***" (emphasis added). As an initial matter, this apparently innocuous allegation asserts that the '176 Patent is allegedly invalid "in whole or in part" under "one or more" of four sections of the Patent Act, which encompass patentability, anticipation, obviousness, and deficiencies in claiming such as indefiniteness, lack of written description, enablement, etc. Moreover, assuming that the "patents" referred to here comprise all of the patents-in-suit (otherwise it makes no sense for the paragraph to refer to "patents" in the plural without defining what that universe includes), this paragraph appears to allege that, merely "by way of example," all of the claims of the '176 patent are invalid, "based on, ***for instance***, one or more of" the Eichenbach patent and all ***67*** references listed on the face of

all of the Asserted Patents, apparently either alone or in combination with the Eichenbach reference or with unidentified others of the cited references, points on which the counterclaim provides no guidance at all. Moreover, although this paragraph appears to provide additional information about the prior art bases for the invalidity counterclaim (although it fails entirely to do that), UPS provides absolutely no guidance at all regarding whether it intends to assert invalidity under any of the other provisions of Title 35 that it refers to in the preceding paragraph. Far from putting the plaintiff on notice of a plausible allegation of invalidity, this counterclaim buries and obscures any plausible claim that might exist in an impenetrable cloud of ambiguity. Even under the most permissive "notice pleading" standard, this cannot pass muster, but under the *Iqbal* and *Twombly* line of cases, it clearly fails.

## I. CONCLUSION

For the foregoing reasons, Plaintiffs ask the Court to grant their motion to dismiss, without prejudice, UPS's invalidity counterclaims.

Dated: April 20, 2026

Respectfully submitted,

/s/ *Karl Rupp*
Steven R. Daniels
State Bar No. 24025318
sdaniels@princelobel.com
PRINCE LOBEL TYE LLP
500 W. 5th Street, Suite 1205
Austin, TX 78701
Tel: (617) 456-8000

Matthew D. Vella
mvella@princelobel.com
Nicholas W. Armington
narmington@princelobel.com
Kevin Gannon
kgannon@princelobel.com
Amanda L'Esperance
alesperance@princelobel.com
PRINCE LOBEL TYE LLP
One International Place, Suite 3700
Boston, MA 02110
Tel: (617) 456-8000

Karl Rupp
State Bar No. 24035243
SOREY & HOOVER, LLP
100 N. 6th Street, Ste. 503
Waco, Texas 76701
Tel: (903) 230-5600
Fax: (903) 230-5656
krupp@soreylaw.com

*Counsel for Plaintiffs*

## CERTIFICATE OF CONFERENCE

Between April 16 and April 20, 2026, Steven Daniels, counsel for Plaintiffs, conferred with Patrick Lafferty, Counsel for Defendant, regarding the subject of this Motion. Defendant opposes the relief requested herein.

/s/ *Karl Rupp*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document has been delivered to all counsel of record via the Court's CM/ECF service on this 20th day of April, 2026.

*/s/ Karl Rupp*
Karl Rupp